PER CURIAM.
Kenneth L. Stringer appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Stringer claims that he was illegally sentenced to life in prison by the Pasco County Circuit Court on October 12, 1971, in two cases. The trial court denied his motion solely on the ground that a record search revealed that the only conviction Stringer had from the Pasco County Circuit Court — the court in which Stringer filed his motion — was for possession of contraband in a state facility. Stringer was sentenced to twelve years in prison for that conviction. The trial court accordingly concluded that it did not have jurisdiction over other sentences Stringer may have received in other courts. It advised Stringer that he should file motions relating to his other sentences in the courts where he was sentenced. We reverse.
This court ordered the State to provide copies of Stringer’s commitment papers for the cases Stringer claimed arose from the Pasco County Circuit Court which involved life sentences. This court further asked the State to advise whether it conceded those commitment papers arose out of Pasco County cases. The State provided the commitment papers, which did involve life sentences. The State was advised by the staff attorney’s office of the Sixth Judicial Circuit that those papers were prepared in Pasco County cases.
Based on this information, we conclude that the trial court erred in denying Stringer’s motion based on lack of jurisdiction. We accordingly reverse and remand the case to the trial court for further consideration of Stringer’s motion. In so doing, we do not reach the merits of the claim made in Stringer’s motion.
Reversed and remanded.
WHATLEY, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.